In the Matter of the Application of BROOKLYN BAR ASSOCIATION in Respect of DAVID N. SUGARMAN, an Attorney and Counselor at Law.— Matter referred to Hon. Norman S. Dike, official referee, to hear and to report with his opinion. Present — Young, Carswell, Davis, Adel and Taylor, JJ.

THE LONG ESTATES, INC., Landlord, Respondent, v. S. R. PRODUCE MARKETS, INC., WHITE PLAINS PRODUCE MARKET, Tenants, Appellants, and ISRAEL ROBINOWITZ, Defendant, Tenant.— Motion to compel appellants to give further or other security denied, with ten dollars costs. Present — Young, Carswell, Davis, Adel and Taylor, JJ.

PROGRESSIVE FINANCE & REALTY Co., Respondent, v. MILLER & SHERRY ENTERPRISES, INC., Appellant.— Motion for reargument denied, without costs. Motion for leave to appeal to the Court of Appeals denied. The alleged waiver of defenses in the conditional sale contract must be read in connection with the other provisions of the contract and in the light of the knowledge plaintiff possessed concerning defects in the note at the time of transfer. We cannot say on this motion for summary judgment that the defendant was precluded as a matter of law from raising any defenses existing at the time the note was transferred. The plaintiff is scarcely in the position of the ordinary holder in due course. Present — Young, Carswell, Davis, Adel and Taylor, JJ.

MARIE BONAMI, Respondent, v. GEORGE BONAMI, Appellant.— In an action for a separation on the grounds of abandonment and cruel and inhuman treatment, order denying defendant's motion to dismiss the complaint for insufficiency and grant judgment on the pleadings pursuant to rule 112 of the Rules of Civil Practice and section 476 of the Civil Practice Act, reversed on the law, without costs, and motion to dismiss the complaint granted, with leave to plaintiff to serve an amended complaint within ten days from the entry of the order herein. The complaint fails to state certain jurisdictional facts as to residence or marriage within the State, and the learned justice at Special Term was not correct in assuming that the defect could be remedied by the admissions contained in defendant's opposing affidavit. Young, Carswell, Davis, Adel and Taylor, JJ., concur.

JOHN A. BOURNE, Respondent, v. GRISTEDE BROS., INC., Appellant.— Action to recover for property damage to an automobile resulting from a collision with one of the defendant's trucks parked on a one-way street. There were two trucks belonging to defendant parked on opposite sides of the street and facing in opposite directions. The one facing the plaintiff's driver had bright headlights; and the other had no tail light. Judgment for plaintiff in the City Court of Mount Vernon and order denying a new trial unanimously affirmed, with costs. No opinion. Present — Young, Carswell, Davis, Adel and Taylor, JJ.

ROSE BURROWS, Appellant, v. JACOB GOLDBERG, Respondent.— In an action to recover damages for alleged malpractice of a physician the jury, after nearly four hours of deliberation, found a verdict for the defendant. The appeal is based solely on the ground that the trial court in its charge made remarks on the evidence prejudicial to the plaintiff. Judgment unanimously affirmed, with costs. No opinion. Present — Young, Carswell, Davis, Adel and Taylor, JJ.